# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
### Southeastern Division

| | |
|---|---|
| Matthew Sellers,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>Equifax Information Services, LLC; and Trans Union, LLC;<br><br>　　　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

　　　Plaintiff Matthew Sellers, by and through counsel, as for this Complaint against Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") ("Equifax" and "Trans Union" each a "Bureau," collectively, "Bureaus"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

　　　1.　　Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

　　　2.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p et seq.

　　　3.　　Venue is in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred, and the Defendants transact business, in this state.

## PARTIES

　　　4.　　Plaintiff is a resident of the State of Missouri, County of Sainte Genevieve.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services LLC, is a consumer reporting agency defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State.

8. Equifax may be served with process upon its registered agent at c/o CSC-Lawyer Incorporating Service Company, 221 Bolivar St Jefferson City, MO 65101.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. TransUnion is a Delaware corporation registered to do business in this State.

12. TransUnion may be served with process c/o The Prentice-Hall Corporation, 221 Bolivar Street, Jefferson City, MO 65101.

13. TransUnion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates the above allegations as if set forth here.

16. Sometime prior to the events relevant here, Plaintiff allegedly incurred a debt to non-Defendant Capital One for an account that was opened on February 25, 2021 ("Account").

17. On information and belief, on date(s) better known to the Bureaus, they issued credit reports concerning the Plaintiff that included two Capital One/Bass Pro tradelines.

18. Plaintiff did not have two accounts with Capital One/Bass Pro that were opened in February 2021.

19. Plaintiff only had one account.

20. The information being reported was for the same account.

21. The accounts had the following identical information:

    i. Creditor

    ii. Date opened in February 25, 2021

    iii. Account Type as Revolving Account

    iv. Responsibility as Individual

    v. Creditor type

    vi. Credit Limit

    vii. Loan Type

    viii. Payment amount, and

    ix. High credit of $5,068.

22. Most critically, the accounts were both reporting the same delinquencies for a few months in 2024.

23. The Account is a duplicate.

24. The information published by the Bureaus is inaccurate.

25. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

26. The information for the two accounts is so similar, including much of the relevant account data.

27. The Bureaus violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

28. The Bureaus published and disseminated inaccurate information to other third parties, persons, entities and credit grantors.

29. The Bureaus' reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

30. The Bureaus continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

31. The Bureaus did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

32. Defendants knew or had reason to know the information was inaccurate.

33. Each Defendant was in possession of the documentation of the inaccuracies of the Account yet persisted in reporting it anyway.

34. On information and belief, on a date better known to the Bureaus, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

35. The information published by the Bureaus improperly, falsely, and inaccurately characterizes Plaintiff's account information.

36. The Bureaus reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

37. Had the Bureaus enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

38. The Bureaus' reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

Damages

39. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

40. Each Defendant's erroneous reporting continued to affect Plaintiff's reputation, creditworthiness, and credit score.

41. Plaintiff suffered damage to his reputation as it falsely appears as if there is a delinquency on two accounts.

42. Plaintiff suffered damage to his reputation as it falsely appears as if there is a remaining balance on two accounts.

43. This falsity was published to numerous third parties.

44. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's financial affairs.

45. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on

applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

46. On or about April 18, 2025 Plaintiff was unable to obtain credit for an auto loan due in whole or in part to each Defendant's actions described above.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

47. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

48. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

49. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

50. Each Bureau has willfully and recklessly failed to comply with the Act.

51. In the alternative, each Bureau has negligently failed to comply with the Act.

52. The failure of each Bureau to comply with the Act include but are not necessarily limited to:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete; and

   c. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

54. The conduct, action and inaction of each Bureau was willful and/or negligent rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to §§ 1681n-1681o.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

56. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  May 27, 2025

                                            Respectfully submitted,

                                            s/ Yaakov Saks
                                            By:  Yaakov Saks, Esq.
                                            Stein Saks, PLLC
                                            One University Plaza, Suite 620
                                            Hackensack, NJ 07601
                                            (201) 282-6500 ext. 121
                                            ysaks@SteinSaksLegal.com

                                            Eliyahu Babad, Esq.
                                            Stein Saks, PLLC
                                            One University Plaza, Suite 620
                                            Hackensack, NJ 07601
                                            (201) 282-6500 ext. 121
                                            ebabad@SteinSaksLegal.com
                                            *Pending Admission Pro Hac Vice*

                                            *Attorneys for Plaintiff*